UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CASTELLANOS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE BANK NA, et al.,<br><br>Defendants. | Case No. 15-cv-00896-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF 14] |

This case arises out of a disagreement over a mortgage transaction. Plaintiff brings suit against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), and Civil Code § 2943, and claims for wrongful foreclosure and quiet title. Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 14. The Court finds the motion appropriate for adjudication without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons below, this Court GRANTS Defendants' motion to dismiss.

## I. BACKGROUND

### A. Factual Background

In August 2006, Plaintiff engaged in a transaction with Countrywide for the purpose of refinancing her debt on a piece of real property located in Watsonville, California. Compl., ECF 1 ¶ 21. Plaintiff's Complaint claims that Countrywide was "not the source of funds involved in the consumer transaction," and "denies any loan and or debt being owed to any party, specifically the Defendants." Compl. ¶ 22.

On July 18, 2014, Plaintiff sent Defendants Select Portfolio Services ("SPS") and National Default Servicing Corp. ("NDSC") a notice of dispute pursuant to 15 U.S.C. § 1692(g), disputing the alleged debt and notifying these Defendants of her belief that their prior communication with

her violated the FDCPA and other consumer protection statutes. *See* Compl. Exh. A at 1-2. SPS responded on August 12, 2014 by serving Plaintiff with a dunning notice, which stated that SPS was the mortgage servicer acting on behalf of Bank of New York Mellon as Trustee for the CWALT 2006-OA17 Trust ("the CWALT Trust"), which it claimed was the creditor and note holder. Compl. ¶ 25; *see also id.* Exh. B (the dunning notice). Plaintiff contends that this statement was false and fraudulent under 15 U.S.C. § 1692(e) because it misstated the character, amount, or legal status of the alleged debt. *See id.* Plaintiff further alleges that the assignment of the deed of trust, filed in the Santa Cruz County Recorder's Office on May 11, 2011, was false and fraudulent. *See* Compl. ¶ 26.

The Complaint alleges that the CWALT Trust is subject to the terms of a Pooling and Servicing Agreement ("PSA"), and that Bank of New York Mellon, as trustee of the CWALT Trust, "does not have the power or authority under the terms of the PSA to declare any note which is the property of the trust to be in default, to modify said note, or to commence a foreclosure of any promissory note or deed of trust held by the trust." Compl. ¶¶ 27-28. Plaintiff further alleges that her mortgage debt was assigned to SPS after it was in default. Compl. ¶ 29.[1]

The Complaint states that Defendant SPS "regularly engages in the collection of debts from consumers, using the mail and telephone." Compl. ¶ 34. Plaintiff alleges that all of the Defendants "allege[] erroneous amounts due and owing," sent documents "contain[ing] false and misleading information regarding the alleged creditor" of the debt, and made "numerous threats to action that cannot be legally taken," such as non-judicial foreclosure of Plaintiff's real property. *See* Compl. ¶ 35; *see also id.* at ¶ 36 (stating that Defendants "threaten[ed] to take a non-judicial action to effect disposition or disablement of property[] when there is no present right to possession"). Plaintiff also contends that SPS specifically "furnish[ed] deceptive documentation" to Plaintiff, including the Assignment of Deed of Trust. Compl. ¶ 41; *see also id.* at ¶ 49. Finally,

---

[1] Plaintiff alleges that she served upon Defendant SPS a Request for Beneficiary Statement ("RBS"), and that she attached the RBS to the Complaint as Exhibit F. *See* Compl. ¶ 32. Plaintiff did not, however, include any Exhibit F with her Complaint, nor has she filed the RBS as an attachment to her opposition. *See generally* Opp., ECF 18.

2

Plaintiff argues that the notice of default failed to comply with California law because it "failed to accurately describe the nature of the alleged default and failed to set forth the steps necessary for the Plaintiff to cure the default and failed to properly identify the lender." Compl. ¶ 43.[2]

In addition to seeking statutory damages and costs under the FDCPA, RFDCPA, and Civil Code § 2943, Plaintiff's Complaint seeks to quiet title to the property as of September 29, 2014, and to enjoin Defendants from attempting to take possession of her property through a foreclosure sale, *see* Compl. ¶ 62.

### B. Procedural History

Plaintiff filed her Complaint and TRO Application on February 27, 2015. The Court granted the TRO Application that same day, and, following briefing and oral argument, denied Plaintiff's motion for a preliminary injunction on April 27, 2015. *See* ECF 23 at 3. Defendants moved to dismiss on March 31, 2015, and Plaintiff timely opposed.

This case is not Plaintiff's first legal action with regard to this particular debt, and the Court has outlined in detail Plaintiff's prior actions in state court and bankruptcy court in its prior Order denying Plaintiff's motion for a preliminary injunction. *See* ECF 23 at 3.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) demands that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Any complaint that does not meet this requirement may be dismissed under Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard does not ask a plaintiff to plead facts that suggest she will probably prevail, but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] Plaintiff included further factual pleading in her application for a temporary restraining order and preliminary injunction ("TRO Application"), filed on February 27, 2015. In adjudicating the motion to dismiss, the Court does not consider any of the factual allegations included in the TRO Application that were not also included in the Complaint. *Cf. Manzarek*, 519 F.3d at 1031.

3

(internal quotation marks omitted). This Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Kane v. Chobani, Inc.*, 973 F.Supp.2d 1120, 1127 (N.D. Cal. 2014).

Under Rule 15(a), a court should grant leave to amend a complaint "when justice so requires," because "the purpose of Rule 15…[is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A court may deny leave to amend for several reasons, including "undue delay, bad faith, . . . [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1054 (2003).

### III. DISCUSSION

#### A.     Plaintiff's FDCPA and RFDCPA Claims

Plaintiff's first and third causes of action contend that Defendants have violated the FDCPA and RFDCPA by (1) using false, deceptive, and misleading misrepresentations in an attempt to collect on a debt, (2) threatening to non-judicially foreclose on the subject property when they had no right to possess the property, (3) engaging in harassing conduct in connection with debt collection, (4) failing to timely communicate the disputed status of a debt to the debtor, and (5) furnishing deceptive documentation to the Plaintiff debtor. Defendants respond with two arguments: first, that they are not "debt collectors" within the meaning of either the FDCPA or RFDCPA "because they were attempting to collect their own debt," and second, that neither Act applies to foreclosure-related activities. *See* Mot. at 5-6.

As to Defendants' first argument, courts in this district hold that "debt collector" does not include a "consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned.*" *Zhuravlev v. BAC Home Loans Servicing, LP*, 2010 WL 2873253, at *2 (N.D. Cal. July 20, 2010) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis added). The Ninth Circuit has adopted a "case-by-case approach to determining when a debt is in default." *Natividad v. Wells Fargo Bank, N.A.*, 2013 WL 2299601 at *4 (N.D. Cal. May 24, 2013) (citing *De Dios v. Int'l Realty & Inves.*, 641 F.3d 1071, 1074 (9th Cir. 2011). The court held in *Natividad* that "mere overdue payments may constitute a debt that is in default." *Natividad* at *4. Though Plaintiff alleges that she failed

4

to make payments on the debt beginning in April 2009, *see* Compl. Exh. B (the dunning notice, which indicates an alleged default date of April 1, 2009), she has not pled any facts to indicate that SPS was assigned the debt *after* April 1, 2009, the earliest date in which Plaintiff's debt was arguably in default. Plaintiff's Complaint instead includes only the cursory pleading that SPS was assigned the debt "long after it was in default," without pleading any specific dates. *See, e.g.*, Compl. ¶ 29. Because the Complaint has failed to plead that any Defendant was a debt collector under these statutes, the first and third causes of action must be dismissed, with leave to amend.

As to Defendants' second argument, to the extent that Plaintiff alleges Defendants violated the FDCPA or RFDCPA through foreclosure-related activities, such claims are not cognizable under either statute. *See Tang v. California Reconveyance Co.*, 2010 WL 5387837, at *4 (N.D. Cal. Dec. 22, 2010) ("[T]o the extent [plaintiffs'] FDCPA claims are based on the initiation of a foreclosure proceeding, Plaintiffs fail to state a claim."); *see also Powell v. Residential Mortg. Capital*, 2010 WL 2133011, at *5-6 (N.D. Cal. May 24, 2010) (foreclosure pursuant to a deed of trust does not constitute debt collection for purposes of the Rosenthal Act).

Defendants argue, however, that all of Plaintiff's FDCPA and RFDCPA claims are barred because they arise from "foreclosure activities." *See* Mot. at 6-7. This is not so – Plaintiff alleges violations of the FDCPA and RFDCPA beyond foreclosure activities, including harassing conduct in an attempt to collect on a debt and furnishing deceptive documentation in an attempt to collect on a debt. *See* Compl. ¶¶ 38, 39, 41, 49. These claims, however, are pled in only a cursory fashion, and Plaintiff must amend to plead facts to support these claims. Because Plaintiff could allege a violation of the FDCPA or RFDCPA based on harassing conduct and the furnishing of deceptive documentation if she supports those claims with sufficient factual allegations, the Court will grant Plaintiff leave to amend. *See Twombly* at 570.

Plaintiff's first and third causes of action are therefore dismissed. Plaintiff's FDCPA and RFDCPA claims relating to Defendants' foreclosure activities are dismissed with prejudice, but Plaintiff's non-foreclosure debt collection claims are dismissed with leave to amend.

### B. Plaintiff's Wrongful Foreclosure Claim

Plaintiff's second cause of action for wrongful foreclosure is based on her allegations that

the notice of default was inadequate under Civil Code §§ 2924 *et seq.* and that Defendants lacked legal authority to initiate a non-judicial foreclosure on her property. Compl. ¶¶ 43-45. Defendants argue that Plaintiff has failed to adequately plead that the default notice was inadequate and contend that Plaintiff's wrongful foreclosure claim is just a repackaging of her FDCPA claim, which is not cognizable to the extent it is based on foreclosure-related activities. *See* Mot. at 6-7.

As to Defendants' first argument, a review of the notice of default, ECF 15-1 Exh. 5 at 1-2, makes clear that the notice identified the nature of the alleged debt and provided Plaintiff with instructions on how the default could be cured.[3] Beyond the Complaint's cursory allegations that the notice is "defective," the Complaint fails to allege what information needed to be included in the notice but was nonetheless omitted.[4] Compl. ¶¶ 43-45. Defendants' second argument is also persuasive. Plaintiff's opposition makes clear that her wrongful foreclosure claim is just a rehashing of her FDCPA claim. *See* Opp. at 5 ("The cause of action is for wrongful foreclosure due to the fact that the debt collector is not permitted to utilize 'or threaten' to utilize 'non-judicial means to obtain possession of property, including real property."). As stated above, "courts within this Circuit have concluded that a non-judicial foreclosure does not constitute 'debt collection.'" *Garcia v. Am. Home Mortg. Serv., Inc.*, 2011 WL 6141047, at *4 (N.D. Cal. Dec. 9, 2011).

Plaintiff's second cause of action is therefore dismissed. Because Plaintiff has set forth no alternative theory of liability for wrongful foreclosure separate from her FDCPA and RFDCPA claim, and did not discuss any other, alternative theory in her opposition, the Court dismisses this cause of action with prejudice because further amendment would be futile. *See Lopez* at 1127.

**C.     Plaintiff's Claim for Violations of California Civil Code § 2943**

In her opposition, Plaintiff concedes her fourth cause of action for violations of Civil Code § 2943. *See* Opp. at 6. As such, her fourth cause of action is dismissed with prejudice.

---

[3] Defendants requested the Court take judicial notice of this document and others regarding their motion to dismiss the Complaint. *See* ECF 15. Because these documents are matters of public record, judicial notice is appropriate. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[4] Further, contrary to Plaintiff's argument, the notice of default does not need to identify the lender, only the current "beneficiary or mortgagee." *See* Cal. Civ. Code § 2924c(b)(1).

6

### D. Plaintiff's Claim to Quiet Title

Plaintiff's fifth cause of action seeks to quiet title to the property. In California, a Plaintiff cannot quiet title "without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974). Plaintiff's Complaint does not offer to tender any amount owed on the subject loan. *See* Compl. ¶¶ 56-59. Plaintiff is not exempt from this tender requirement merely by stating that Countrywide "was not the source of the funds involved in the consumer transaction," and denying that "any loan and or debt being owed to any party." Compl. ¶ 22. Plaintiff shall be granted leave to amend to allege that she can discharge her debt owed. *Cf. Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 112-16 (2011).

### E. Injunctive Relief

Plaintiff's sixth cause of action is for injunctive relief. Injunctive relief is a remedy, not a cause of action. *See McDowell v. Watson*, 59 Cal.App.4th 1155, 1159 (1997) ("[A] cause of action is comprised of a primary right of the plaintiff. . . . [I]njunctive relief is a remedy and not, in itself, a cause of action."). Plaintiff's sixth cause of action is therefore dismissed. Plaintiff may seek injunctive relief as a remedy to any cause of action which permits such relief.

### IV. ORDER

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. To the extent Plaintiff's first and third causes of action rely on purported violations of the FDCPA or RFDCPA because of non-judicial foreclosure activities, those causes of action are dismissed with prejudice. Plaintiff's second, fourth, and sixth causes of action are also dismissed with prejudice. Plaintiff is given leave to amend as to her first and third causes of action on her theories of liability unrelated to foreclosure activities, and as to her fifth cause of action for quiet title to allege that she can tender her debt owed. Any amended complaint must be filed no later than **July 24, 2015**.

**IT IS SO ORDERED.**

Dated: June 30, 2015

BETH LABSON FREEMAN
United States District Judge