# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MARIA CASTELLANOS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE BANK NA, et al.,<br><br>    Defendants. | Case No. 15-cv-00896-BLF<br><br>**ORDER DISMISSING CASE WITH PREJUDICE UNDER FED. R. CIV. P. 41(b)** |

Plaintiff filed this action alleging various claims arising out of a dispute over a mortgage transaction against Defendants Bank of New York Mellon ("BONY"), Mortgage Electronic Registration Systems, Inc. ("MERS"), National Default Servicing Corporation ("NDSC"), and Select Portfolio Servicing, Inc. ("SPS"), Countrywide Bank NA (n/k/a Bank of America) ("Countrywide Bank"), Reconstruct Company ("Reconsruct"), and Countrywide Home Loans, Inc. (n/k/a BAC Home Loans Servicing, LP) ("Countrywide Home Loans") (collectively, "Defendants"). Plaintiff has not served Defendants Countrywide Bank, Reconstruct, or Countrywide Home Loans and Plaintiff has not complied with a Court order to file an amended complaint by July 24, 2015. In light of Plaintiff's failure to prosecute this action and comply with the Court order, the Court issued an order to show cause by August 31, 2015 and a notice of imminent dismissal to Plaintiff warning that a failure to prosecute or comply with Court orders would result in a dismissal of this action with prejudice under Fed. R. Civ. P. 41(b). To date, Plaintiff has failed to respond and the Court hereby DISMISSES this action with prejudice under Fed. R. Civ. P. 41(b).

## I. BACKGROUND

On February 27, 2015, Plaintiff filed the complaint against Defendants seeking, among other things, an emergency ex parte temporary restraining order ("TRO") and preliminary injunction preventing Defendants from foreclosing on her home. ECF 1. Plaintiff's ex parte TRO was granted on February 27, 2015. Defendants BONY, MERS, NDSC, and SPS filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted on March 31, 2015. ECF 14. On April 27, 2015, the Court dissolved the TRO, and denied Plaintiff's motion for a preliminary injunction. ECF 23. The Court granted Defendants BONY, MERS, NDSC, and SPS's motion to dismiss on June 30, 2015. ECF 32. The Court gave Plaintiff until July 24, 2015 to file an amended complaint. *Id*.

Plaintiff did not amend the complaint by July 24, 2015 and still has not amended it. On July 29, 2015, Defendants BONY, MERS, NDSC, and SPS filed a notice indicating that Plaintiff did not file an amended complaint within the time provided and that Plaintiff still had not served Defendants Countrywide Bank, Reconstruct, and Countrywide Home Loans.[1] ECF 33.

On August 18, 2015, the Court issued an order to show cause and a notice of imminent dismissal that ordered Plaintiff to respond by August 31, 2015 and warned Plaintiff that a failure to respond would result in a dismissal of this action with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's orders. ECF 34. To date, Plaintiff has not responded to the Court's order to show cause and notice of imminent dismissal.

## II. LEGAL STANDARD

Fed. R. Civ. P. Rule 41(b) allows for the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The text of Rule 41(b) refers to a defense motion for dismissal, however, the Rule also permits a court to sua sponte dismiss an action for failure to prosecute or failure to comply with a court order. *See Link v. Wabash R.R.*

---

[1] Defendants' notice indicates that dismissal of this action is warranted under Fed. R. Civ. P. 12(b)(6). ECF 33. However, "[u]nder Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order [under Fed. R. Civ. P. 41(b)] rather than for failing to prosecute the claim." *Yourish v. Calif. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

*Co.*, 370 U.S. 626, 630-31 (1962). A plaintiff's failure to take any action in response to a Court's prior dismissal with leave to amend under Rule 12(b)(6) is considered a failure to comply with a court order, *Yourish v. Calif. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999), and a plaintiff's failure to serve Defendants is considered a failure to prosecute. *See Haynes v. Hanson*, Case No. 11-cv-05021-JST, 2013 WL 3922336, at *2 (N.D. Cal. July 26, 2013).

A dismissal pursuant to Rule 41(b) "'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 990.

### III.  DISCUSSION

Plaintiff's unjustified failure to serve Defendants Countrywide Bank, Reconstruct, and Countrywide Home Loans and file an amended complaint qualifies as an unreasonable delay. *See Ryles v. Felker*, No. 2:07-cv-02753-RCT, 2010 WL 3035991, at *1-2 (E.D. Cal. Aug. 2, 2010); *Grewal v. Brown*, No. 98-0067-GEBDADPS, 1998 WL 919882, at *1-2 (E.D. Cal. Dec. 14, 1998).

Further, four out of the five *Henderson* factors strongly favor dismissal. In connection with the first factor, Plaintiff's inaction has effectively stalled the case. Plaintiff not only failed to file an amended complaint within the allotted time, but also failed to seek an extension of time to amend, or take any other action in response to the Court's order granting the motion to dismiss or the Court's order to show cause and notice of imminent dismissal. With respect to the second factor, Plaintiff's conduct has interfered with the Court's need to manage its docket, because Plaintiff has repeatedly ignored the Court's orders by not serving Defendants, by not filing the amended complaint within the time allotted, and by not responding to the order to show cause and notice of imminent dismissal. As to the third factor, failure to dismiss this action would prejudice Defendants who are entitled to a resolution of Plaintiff's claims after demonstrating that those claims lack merit. The fourth factor—the public policy favoring disposition of cases on their

merits—does not favor dismissing the action. Finally, as to the fifth factor, the Court sees little point to imposing less severe sanctions because Plaintiff has shown no interest in complying with this Court's orders or in prosecuting this action. The Court's order to show cause expressly warned Plaintiff about the potential for imminent dismissal under Rule 41(b) and Plaintiff did not respond. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## IV. ORDER

Accordingly, the record supports dismissal with prejudice pursuant to Rule 41(b) and the Court hereby DISMISSES all claims against Defendants WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 8, 2015

_____
BETH LABSON FREEMAN
United States District Judge